Pearson, C. J.
 

 The only ground insisted on in this Court, was in respect to that part of the judgment, which subjects the plaintiff to the payment of all the costs.
 

 In support of the decision of his Honor, the cases of
 
 Simpson
 
 v.
 
 McBee, 3
 
 Dev.
 
 531;
 
 and
 
 Cunningham v. Howel, 1 Ired.
 
 9, were relied on. These cases establish the doctrine, that in this State, where a case, after
 
 issue jovned,
 
 is referred by a rule of court, and the award is filed, the Court, for the purpose of enforcing it,
 
 enters judgment
 
 according to the award, and does not simply order an attachment; and the- argument is, as the Court renders a judgment, the costs follow-the judgment as an incident, according to-the provisions of the statute, Bev. Code, oh. 31, sec. 75. “In all actions, whatsoever, the party in whose favor judgment shall be given, shall be entitled to full costs.”
 

 We confess there is mnchforce in this reasoning, especially as in the case of
 
 Cunningham
 
 v.
 
 Howel,
 
 it is decided that the action of the Court, upon an award, is
 
 a judgment of the Cowl,
 
 for the purpose of charging bail, and yet we feel bound,, upon the authority of the case of
 
 Arrington
 
 v.
 
 Battle, 2
 
 Murph. 246, (which is directly in point, and which, we presuma, was not called to the attention of his Honor,) to hold that the
 
 *75
 
 Court erred in giving judgment against the plaintiff for costs.. The award found all issues in favor of the defendant, but did* not dispose of the costs, and the judgment ought to.have been,, that “the plaintiff take nothing, and the defendant go without
 
 day.”
 
 This was all that the award authorized, and according-to the case cited, that was the judgment which, the Court, ought to have rendered.
 

 It was suggested that
 
 Arrington
 
 v. Battle, as reported, was. not a reference under a rule of court, but was simply a reference by an agreement of parties. But upon an examination-, of the record in this Court, we find it was a reference “as. a rule of court,” and that judgment was entered “according-to the award.” So it is directly in point, and we do not feel at liberty to over-rule it. Eor, when a rule of pa’actice is-fixed, the courts should adhere to it, unless 'some new matter occurs, or there be some decisive objection. In this case there is no- suggestion of either j on the contrary, the practice of adhering strictly to the award, in rendering judgment, so as to give no judgment for costs, unless the award so. directs, has uniformly obtained in all of the courts of this. State up to the present instance, so far- as. we are informed.
 

 The case of
 
 Cunningham
 
 v.
 
 Howel,
 
 cannot be considered as conflicting with
 
 Arrington
 
 v.
 
 Battle
 
 ; for- the- two may well stand together, the result being that a judgment according to an award, is an anomaly, introduced by the practice of our courts, in order to enforce- awards in a milder manner than by attachment, which exposed the party to process of contempt. So, although, it is a judgment for the purpose of charging bail, yet it is not a j;udgment for the purpose of carrying costs,
 
 gprogorio vigore,
 
 within the meaning of the statute. In other words, being a mere creature of the Court,, there is no reason why it may not be so fashioned(as to obviate the effect of discharging the bail on the one hand, and, on the other, still leave to the arbitrators the right to dispose of the costs ; which is done by treating it as an anomalous, or
 
 quasi
 
 judgment; which character has been impressed upon it, by the cases referred to, and the unifoi-m practice in this State. Judgment reversed,
 
 *76
 
 and judgment for the defendant, but without costs below. Of ■course, in this Court, the successful party is entitled to costs.
 

 Per Curiam,
 

 Judgment reversed.